IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISON

| | |
|---|---|
| **MICHAEL GONZALES and RAYMOND GONZALES**<br><br>*Plaintiffs,*<br><br>v.<br><br>**LEISURE COMMUNITIES, LLC, and MATTHIAS BAUMUELLER,** *individually.*<br><br>*Defendants.* | Civil Action No. 7:18-cv-61 |

**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Michael Gonzales and Raymond Gonzales (collectively, "Plaintiffs") file this Fair Labor Standards Act ("FLSA") lawsuit against Leisure Communities, LLC and Matthias Baumueller (collectively, "Defendants") and in support show the Court and jury as follows:

**I.     INTRODUCTORY STATEMENT**

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a week without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime,

the FLSA discouraged working hours in excess of forty (40) hours in a week. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. However, Defendants attempted to circumvent the FLSA by failing to pay Plaintiffs overtime at a rate of one-and-one-half Plaintiff's regular rate for hours where Plaintiffs worked longer than forty (40) hours in a single workweek.

3. Instead, Defendants paid Plaintiffs a fixed-salary for all hours worked, including hours worked over forty (40) in a workweek.

4. In other words, Defendants did not pay Plaintiffs overtime wages for hours worked over forty (40) in a workweek.

5. Accordingly, Plaintiffs bring this action to recover their overtime wages, liquidated damages, attorneys' fees, and costs as set forth in Section 216 of the FLSA. *See* 29 U.S.C. § 216(b).

## II. PARTIES

6. Plaintiff, Michael Gonzales, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit. Mr. Michael Gonzales' consent is attached as "*Exhibit A.*"

7. Plaintiff, Raymond Gonzales, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit. Mr. Raymond Gonzales' consent is attached as "*Exhibit B.*"

8. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Defendant Leisure Communities, LLC (individually referred to as "Leisure Communities") is a California limited liability company, registered to do business in Texas. Leisure Communities owns and operates a mobile home park known as Sherwood Forest and Lamplighter Mobile Home Park with multiple locations throughout Texas. Leisure Communities' principal office is located at 2301 North Abram Road, Mission, Texas 78572. Leisure Communities can be served with process by serving its registered agent, Orsen E. Paxton III, at 204 South Mesquite Street, Arlington, Texas 76010.

10. Defendant Matthias Baumueller (individually referred to as "Baumueller"), an individual, is a member-manager of Defendant Leisure Communities. In Baumueller's role as member-manager of Defendant Leisure Communities, Baumueller acts directly or indirectly in the interest of Defendant Leisure Communities in relation to its employees – including Plaintiffs – by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work for his business. Baumueller is individually liable as an employer as defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Baumueller can be served with process at his place of business located at 2301 North Abram Rd., Mission, Texas or wherever he may be found.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over the Fair Labor Standards Act claim because the FLSA arises under federal law. Jurisdiction is conferred upon the Court

by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

12.  This court has jurisdiction over the parties because Defendants are doing business in Texas and employing Texas residents (including Plaintiffs) to work for Defendants in Texas.

13.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Leisure Communities' principal office is located in Hidalgo County, Texas. Specifically, Leisure Communities maintains its principal office and principal place of business at 2301 North Abram Road, Mission, Hidalgo County, Texas 78572.

### III. FLSA STATUTORY COVERAGE

14.  At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

15.  At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.  At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has

had and has an annual gross volume of sales made or business done of not less than $500,000.

17. At all times hereinafter mentioned, Plaintiffs were employees for Defendants who were engaged in commerce or handled goods that were traveling in interstate commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

18. During the relevant period, Defendants have willfully violated and are violating Section 207 of the FLSA, by employing employees, including Plaintiffs, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating Plaintiffs in accordance with the overtime cited therein.

**IV.   FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS**

19. The primary function of Defendants' business is the operation of a mobile home park called Sherwood Forest and Lamplighter Mobile Home Park, located throughout the state of Texas.

20. Defendant Baumueller possesses the power to hire and fire Plaintiffs and other employees working for Leisure Communities, implements the general policies of the Leisure Communities, oversees the general policies and operations of Leisure Communities, and participates in determining the pay structure and other policies affecting Plaintiffs' employment.

21. Defendant Baumueller has exerted significant operational control over Leisure Communities, its employees, and pay policies during the three (3) years

preceding this filing.

22. During their employment with Defendants, Plaintiffs routinely worked more than forty (40) hours each workweek.

23. Plaintiffs were not paid overtime at the rate of one-and-one-half their regular rates for all hours worked in excess of forty (40) per workweek.

24. Defendants employed Plaintiffs on a salary basis and did not pay Plaintiffs overtime at a rate of one-and-one-half times Plaintiffs' regular rate for all hours Plaintiffs worked over forty (40) in a single workweek.

25. Defendants paid Plaintiffs, each, a fixed-salary in the amount of $450 per week, regardless of the number of hours Plaintiffs worked.

26. Plaintiff and Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

27. Defendants employed Plaintiffs within the three (3) year period preceding the filing of this lawsuit.

28. During the entire duration of their employment, Defendants never paid Plaintiffs at one-and-one-half their regular rate for all hours worked over forty (40) in a workweek.

29. Defendants willfully violated and are violating the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Plaintiffs, for their employment in an enterprise engaged in commerce or the production of goods

---

[1] All exemptions are narrowly construed against coverage and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

for commerce, wages at rates not less than one and one half times the regular rate for hours worked over forty (40) in a single workweek.

30. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is required under Section 216(b) of the FLSA.

31. Further, Defendants are an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., all hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

## V. UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

32. The foregoing paragraphs are fully incorporated herein.

33. During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiffs in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiffs at a rate of not less than one-and-one-half times Plaintiffs' regular rate for the hours worked over forty (40) in a

workweek.

34. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants or Plaintiffs.

35. Defendants' method of paying Plaintiffs in violation of the FLSA was not based on good-faith and reasonable belief that its conduct complied with the FLSA and thus, Defendants are liable for an amount of liquidated damages pursuant to Section 216 of the FLSA.

## VI. DAMAGES SOUGHT

36. Plaintiffs are entitled to recover compensation for the hours worked over forty (40) each workweek at a rate of one-and-one-half times the regular rate. *See* 29 U.S.C. § 207. The calculation of Plaintiffs' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

37. Plaintiffs are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants actions were not based upon good faith. See 29 U.S.C. § 216(b).

38. Plaintiffs are also entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

39. Plaintiffs request trial by jury.

## VIII. PRAYER

Plaintiffs respectfully request that judgement be entered in their favor, against Defendants, jointly and severally, awarding Plaintiffs the following relief:

a. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

b. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for Plaintiffs' attorneys' fees and costs; and

c. In the event liquidated damages are not awarded, for an order awarding Plaintiff an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

d. For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
Southern Dist. No. 3050726
*drew@herrmannlaw.com*
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax
**ATTORNEY FOR PLAINTIFF**

# Exhibit A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: Michael Gonzales

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

(Signature): _____   Dated: 1-22-18

# Exhibit B

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: Raymond Gonzales

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

(Signature): Raymond Gonzales   Dated: 01/22/18